United States District Court
Southern District of Texas
**ENTERED**
January 30, 2023
Nathan Ochsner, Clerk

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# GALVESTON DIVISION

| | |
|---|---|
| VERONICA L. DAVIS, *et al.*, § § Plaintiffs. § § v. § § CENTURYLINK, INC., *et al.*, § § Defendants. § | § § § § § CIVIL ACTION NO. 3:22-cv-00038 § § § § § |

## MEMORANDUM AND RECOMMENDATION

Defendants CenturyTel Broadband Services, LLC and Central Telephone Company of Texas (collectively, "CenturyLink") have filed a Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6). *See* Dkt. 45. CenturyLink argues that the claims raised in the Second Amended Complaint are barred by a class action settlement and principles of res judicata. I have, *sua sponte*, converted CenturyLink's motion to dismiss to a motion for summary judgment.[1] *See* Dkt. 55. Having reviewed the briefing, the record, and the applicable law, I recommend that CenturyLink's motion be **GRANTED**, and that all claims brought by Plaintiff Veronica L. Davis ("Davis") against CenturyTel Broadband Services, LLC, Central Telephone Company of Texas, and Lumen Technologies, Inc. be dismissed.

## BACKGROUND

### A. FACTS GIVING RISE TO THIS LAWSUIT

This case has an unusual backstory. Davis is an attorney proceeding *pro se*. Davis represented her purported co-plaintiffs, Jeff Kitchen ("Kitchen") and the

---

[1] Because CenturyLink's motion to dismiss relies on documents outside the pleadings, I informed the parties that I would treat the motion to dismiss as a motion for summary judgment. *See* Dkt. 55; FED. R. CIV. P. 12(d) (a motion to dismiss presenting matters outside the pleadings should be treated as a motion for summary judgment). I gave Plaintiffs an opportunity to submit any additional material they found necessary to respond to the motion for summary judgment. *See* Dkt. 55. Plaintiffs took me up on my offer. *See* Dkt. 62.

Charlie Brown Heritage Foundation ("Charlie Brown"), in other litigation. This lawsuit arises from alleged "problems with telephone and internet service" that Plaintiffs claim led to the granting of summary judgment against Kitchen and Charlie Brown in separate lawsuits. Dkt. 38 at 24. For that, Plaintiffs seek more than $1 million in damages.

**The Charlie Brown case**: This was a land dispute between Charlie Brown, represented by Davis, and the Columbia-Brazoria Independent School District ("CBISD"). CBISD moved for summary judgment. Davis, as counsel for Charlie Brown, filed a response to CBISD's motion for summary judgment without attaching any exhibits. Davis alleges that "[i]nternet problems" caused the exhibits to not attach to the response. Dkt. 38 at 26. Three weeks after Davis filed the initial response and two weeks after CBISD had already replied, Davis filed a corrected response attaching summary judgment evidence. Noting that the court had previously been "extremely lenient with Davis's untimely and 'incomplete' filings," United States District Judge George C. Hanks, Jr. declined to consider the corrected response and granted summary judgment against Charlie Brown in May 2018. *Charlie Brown Heritage Found. v. Columbia Brazoria Ind. Sch. Dist.*, No. 3:15-cv-346, 2018 WL 2059203, at *4–5 (S.D. Tex. May 3, 2018), *aff'd*, 771 F. App'x 536 (5th Cir. 2019). The Fifth Circuit affirmed the dismissal.

**The Kitchen case**: Kitchen brought a disability and employment discrimination matter against his former employer, BASF Corporation ("BASF"). Davis represented Kitchen in the lawsuit. In July 2018, BASF filed a motion for summary judgment. As counsel for Kitchen, Davis filed a response one minute before the deadline for doing so. There was, however, no evidence attached to the response. In an effort to cure this obvious problem, Davis late-filed a corrected response, along with summary judgment evidence. As with the Charlie Brown case, Davis alleges that "faulty internet service" provided by CenturyLink resulted in the exhibits failing to attach to the summary judgment response. Dkt. 38 at 26. In October 2018, Judge Hanks—who presided over both cases—struck the "corrected"

response as untimely under the local rules and granted summary judgment against Kitchen. *Kitchen v. BASF*, 343 F. Supp. 3d 681, 687 n.2 (S.D. Tex. 2018), *aff'd*, 952 F.3d 247 (5th Cir. 2020). The Fifth Circuit affirmed the dismissal.

In February 2022, Plaintiffs filed the instant lawsuit against CenturyLink, Lumen Technologies, Inc. (f/k/a CenturyLink, Inc.), and other service providers to recover damages arising out of purported problems with Davis's internet and telephone service. Davis alleges that while she was a customer of CenturyLink, her internet and telephone service was "either problematic or inadequate" because:

    a. [CenturyLink] overcharged for telephone and internet services;

    b. Billing was inconsistent. Specifically, [Davis] subscribed to a fixed pricing plan in which the bill would remain the same monthly. However, it often varied.

    c. Each time[] a change was made to [Davis's] telephone service, . . . [Davis] lost telephone service usually for one entire day, no matter what the nature of the change was;

    d. Internet service was sketchy and often did not work, at all.

    e. [CenturyLink] did not provide services at the internet speed at which it guaranteed the consumer/[Davis].

Dkt. 38 at 10. Davis contends that she requested CenturyLink to discontinue telephone and internet services in January 2020.

Plaintiffs bring the following causes of action, all of which pertain to Davis's internet and telephone service: (1) violations of 47 C.F.R. § 64.2401 (the Federal Communications Commission's "Truth-in-Billing regulations"); (2) fraud and fraudulent inducement; (3) negligent misrepresentation; (4) breach of contract; (5) breaches of the Fair Debt Collection Practices Act and Fair Credit Reporting Act; and (6) violations of the Texas Deceptive Trade Practices Act.

**B.    THE CLASS ACTION LAWSUIT AGAINST CENTURYLINK**

In 2017, numerous purported consumer class actions brought against CenturyLink—asserting various claims related to allegedly improper sales, billing, quality, and collection practices—were consolidated before United States District Judge Michael J. Davis in the United States District Court for the District of

Minnesota. The consolidated case was styled *In Re: CenturyLink Sales Practices and Securities Litigation*, MDL No. 17-2795 (D. Minn.) ("Consumer MDL Action"). A consolidated class action complaint was filed in the Consumer MDL Action in February 2018 on behalf of "[a]ll persons or entities in the United States who, during the Class Period, had an account for telephone or internet services with [CenturyLink]." Dkt. 45-1 at 72. The consolidated class action complaint asserted, in relevant part, claims for (1) violations of the Communications Act and federal Truth-in-Billing regulations; (2) breach of contract; (3) negligent misrepresentation; (4) fraudulent inducement; and (5) unjust enrichment. *See id.* at 79–84, 98–103.

> In October 2019, the parties settled. The settlement class consisted of:
>
> All persons or entities in the United States who are identified by CenturyLink as a residential or small business customer and who, during the Class Period, had an account for local or long distance telephone, internet, or television services with one or more of the Operating Companies. Excluded from the class are . . . persons who timely and validly request exclusion from the Settlement Class.

Dkt. 45-2 at 15. The class period included the time period "[b]etween January 1, 2014 and the date of entry of the Preliminary Approval Order." *Id.* at 10. Judge Davis (no relation to Plaintiff Davis) entered the Preliminary Approval Order on January 24, 2020. *See* Dkt. 45-4 at 12. This means the class period ran from January 1, 2014 through January 24, 2020. For the reasons discussed below, Davis is unquestionably a member of the settlement class.

Judge Davis approved the class settlement agreement on December 4, 2020. *See* Dkt. 45-5 at 53. The approval order bound absent class members who had not opted out of the settlement and released CenturyLink from liability for future claims "arising out of or asserted in the Consumer MDL Action . . . and all claims released under the Settlement Agreement." *Id.* at 52. A final judgment formally disposed of the matter. *See* Dkt. 45-7.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A fact issue is material only "if its resolution could affect the outcome of the action." *Wyatt v. Hunt Plywood Co.*, 297 F.3d 405, 409 (5th Cir. 2002). "A factual dispute is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Beck v. Somerset Techs., Inc.*, 882 F.2d 993, 996 (5th Cir. 1989).

## PRELIMINARY ISSUES

### A.  SCOPE OF MOTION

Although CenturyLink's motion suggests that the claims brought by all plaintiffs against CenturyLink should be dismissed, the thrust of the motion is that Davis's claims against CenturyLink are barred by a class action settlement and principles of res judicata. Because the specific basis for dismissing the claims brought by Kitchen and Charlie Brown is unclear to me from reading CenturyLink's motion, I will consider the motion as being brought only as to Davis. I will, however, grant leave to CenturyLink to file a separate motion to dismiss/motion for summary judgment by February 10, 2022. In that motion, CenturyLink should explain why it believes the claims brought by Kitchen and Charlie Brown against CenturyLink should be dismissed at this stage of the proceedings.

### B.  TIMELINESS OF MOTION

Davis first argues that I should strike CenturyLink's motion on the ground that it is untimely. I will not do so.

The Docket Control Order I issued allowed Plaintiffs to file a Second Amended Complaint by July 29, 2022. *See* Dkt. 35. Had Plaintiffs filed the Second Amended Complaint in compliance with the Docket Control Order, Rule 15(a)(3) would have required CenturyLink to answer or otherwise respond by August 12, 2022. *See* FED. R. CIV. P. 15(a)(3) (a responsive pleading to an amended pleading

5

must be filed "within 14 days after service of the amended pleading"). But Plaintiffs did not file their Second Amended Complaint by the court-imposed deadline of July 29, 2022. Instead, they filed the Second Amended Complaint several days late, on August 1, 2022. On August 2, 2022, Plaintiffs asked me to allow their late-filing, claiming that they were unable to filed the Second Amended Complaint on July 29, 2022 because Davis experienced a power outage at her home. *See* Dkt. 39. I granted Plaintiffs' request on August 8, 2022. *See* Dkt. 42. CenturyLink filed its motion to dismiss 14 days later, on August 22, 2022. CenturyLink thus contends that its motion to dismiss is timely. I concur. Even if CenturyLink's Rule 12(b)(6) motion is considered untimely, I grant leave to CenturyLink to late-file the motion. As noted, I have transformed CenturyLink's motion to dismiss to a motion for summary judgment. Because the deadline for filing dispositive motions does not expire until July 2023, it is entirely appropriate to address the legal issues concerning release and res judicata raised in CenturyLink's motion.

## C. SHOULD DISCOVERY BE PERMITTED BEFORE RULING ON CENTURYLINK'S MOTION?

Davis next argues that I should wait to rule on CenturyLink's motion until she has had "an adequate chance for discovery." Dkt. 62 at 10. To obtain a continuance of a summary judgment motion to conduct additional discovery, a nonmovant must strictly follow the procedure set forth in Rule 56(d). Rule 56(d) states: "If a nonmovant shows by *affidavit or declaration* that, *for specified reasons*, it cannot present facts essential to justify its opposition [to a motion for summary judgment], the court may . . . allow time to obtain affidavits or declarations or to take discovery." FED. R. CIV. P. 56(d) (emphasis added). Davis did not file a Rule 56(d) affidavit. This failure alone justifies a refusal to allow additional time to conduct discovery. *See Johnson v. Kaufman Cnty.*, No. 3:15-CV-3595, 2017 WL 978099, at *5 n.2 (N.D. Tex. Mar. 14, 2017) (rejecting plaintiff's request for additional time to conduct discovery where plaintiff failed to file an affidavit under Rule 56(d)). Additionally, Davis does not—and cannot—explain

6

how any amount of additional discovery could possibly impact my ruling on the pending motion, which concerns whether Davis's claims are barred by a class action settlement and the doctrine of res judicata.

## ANALYSIS

**A.  THE CLASS ACTION SETTLEMENT BARS DAVIS'S CLAIMS**

CenturyLink first argues that the settlement agreement and release in the Consumer MDL Action bars Davis's claims.

### 1.  Legal Standard

A "court-approved settlement entered in a properly certified class action generally will bind an absent class member." *Claunch v. FIA Card Servs., N.A.*, 608 F. App'x 262, 263 (5th Cir. 2015) (quotation omitted). "For absent class members to be bound, due process requires that they receive notice and an opportunity to participate in the litigation." *Id.* "The notice must be the best practicable, reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id.* (quoting *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 812 (1985)).

### 2.  Analysis

CenturyLink contends that the class action settlement binds Davis because she is a member of the settlement class, received notice of the settlement, and had an opportunity to present her objections. I agree.

Davis does not dispute that she received notice of the settlement.[2] In fact, she has provided to the Court a copy of the claim form in which she elected to receive payment from the class action settlement. *See* Dkt. 49-1 at 10–13.

---

[2] Davis does state in her supplemental response that the "suit was settled by the time [she] received notice" and she "received no prior notice of this matter." Dkt. 62 at 7. Yet, Davis does not explicitly argue that she should have received notice earlier. For clarity, however, I note that, by and large, class members first learn of a class action settlement when they receive a settlement notice with a claim form.

7

Nonetheless, Davis maintains, for a variety of reasons, that she is not a member of the settlement class. Her arguments are not persuasive.

First, Davis says that she is not a member of the settlement class because she "attempted to file into the lawsuit" but was told that she would instead have to "file the case as a new case." Dkt. 49 at 10. Although not entirely clear from the briefing, I believe this argument stems from Davis's mistaken belief that she had to opt *in* to the settlement class to be a class member. *See id.* ("[The court-ordered legal] notice provided the option to become a class member or not, and Plaintiffs were not automatically included."). The opposite, however, is true. The notice provided by CenturyLink explicitly stated that class members must exclude themselves (i.e., opt out) if they did not want to be legally bound by the settlement. *See* Dkt. 49-4 at 2 ("you must exclude yourself by June 23, 2020, or you won't be able to sue CenturyLink about the legal claims in this case").[3]

Second, Davis argues that she cannot be a class member because she did not timely submit her claim for payment. *See* Dkt. 49 at 10. This argument is both incorrect and irrelevant. The evidence shows that Davis mailed the claim form on June 23, 2020, and the form states that she could receive payment so long as the form was postmarked no later than June 23, 2020. Accordingly, Davis's claim was timely. Additionally, the form clearly states that Davis would remain a member of the settlement class even if the form was not timely submitted:

> To be effective as a claim under the proposed settlement, this form must be completed, signed and sent, as outlined above, **no later than June 23, 2020.** If this Claim Form is not postmarked or received by this date, you will remain a member of the Settlement Class, but will not receive any payment from the Settlement.

Dkt. 49-1 at 10.

---

[3] It is worth noting that "[r]equiring a plaintiff to affirmatively request inclusion would probably impede the prosecution of those class actions involving an aggregation of small individual claims, where a large number of claims are required to make it economical to bring suit." *Shutts*, 472 U.S. at 812–13. Therefore, "a fully descriptive notice . . . with an explanation of the right to 'opt out[]' satisfies due process." *Id.* at 812.

Third, Davis claims that she excluded herself from the settlement class. *See* Dkt. 49 at 11. In an email dated February 13, 2021 sent to the email address listed on the court-ordered legal notice, Davis "advised that [she] wish[ed] to opt out of this action." Dkt. 49-5 at 2.[4] Yet, again, the notice mailed to Davis clearly stated that the deadline to opt out was June 23, 2020—eight months earlier:

> **What are my other options?** If you don't want to be legally bound by the Settlement, you must exclude yourself by **June 23, 2020**, or you won't be able to sue CenturyLink about the legal claims in this case. If you stay in the Settlement, you may object to it by **June 23, 2020**. The Court will hold a hearing on **August 27, 2020, at 10:30 a.m.** to consider whether to approve the Settlement and a request by the lawyers representing all Class Members for attorneys' fees of up to one-third of the maximum value of the Settlement, plus reimbursement for costs and expenses, and for a $2,500 service award for each class representatives for their services. You may ask to appear at the hearing, but you don't have to. The Court has entered an injunction prohibiting you, until the time of the Final Approval Hearing, from pursuing your claims in any other lawsuits or arbitrations.

Dkt. 49-1 at 7.

In short, the summary judgment evidence conclusively establishes that Davis was a member of the settlement class in the Consumer MDL Action.[5] She is, therefore, bound by the terms of the settlement agreement entered in that matter.

---

[4] Davis herself attached this email as an exhibit to her response and raised no qualms concerning the date of the email. Now, in her supplemental response, Davis states, without further explanation, that she "believes that the date on the email is not correct." Dkt. 62 at 14. I view this statement as a brazen, bad-faith attempt to avoid summary judgment.

[5] One last note on this issue. Davis recently filed a second supplemental response, noting that she received a bill from CenturyLink through a debt collector after she filed the first supplemental response. *See* Dkt. 64. Apart from labeling this action as retaliatory, Davis argues that "[i]f Century[L]ink contends that said debt is now owed, it can not then contend that [Davis] was a part of the [settlement] class, in which all billing disputes were resolved. Nor can it raise the issue of res judicata." *Id.* at 2–3. Davis is wrong. Notably, the settlement agreement does not "release, discharge or forgive any legally allowable contract, obligation or indebtedness of any Settlement Class Member to CenturyLink." Dkt. 45-2 at 44.

9

The settlement agreement expressly provides that "each [settlement class member] will be deemed to have completely released and forever discharged the Released Parties,[6] and each of them, from and for any and all Released Claims." Dkt. 45-2 at 21. The settlement agreement and release defines "Released Claims" as:

> Liabilities, claims, cross-claims, causes of action, rights, actions, suits, debts, liens, contracts, agreements, damages, attorneys' fees . . . losses, expenses, obligations, or demands, of any kind whatsoever, whether known or unknown, existing or potential, or suspected or unsuspected . . . which Settlement Class Members have or may claim now or in the future to have, based on facts that occurred during the Class Period that were alleged or asserted against any of the Released Parties in the Consumer MDL Action and/or Consumer Actions or that could have been alleged or asserted against any of the Released Parties.

Dkt. 45-2 at 13–14.

Davis claims that she asserts in this lawsuit various causes of action against CenturyLink that were not at issue in the class action lawsuit, including "[f]aulty internet services which impacted on [Davis's] business, which resulted in dismissal of cases." Dkt. 49 at 8. This argument goes nowhere. The settlement agreement expressly bars all claims "that were alleged . . . in the Consumer MDL Action . . . or *that could have been alleged or asserted against any of the Released Parties*." Dkt. 45-2 at 14 (emphasis added). This is precisely why absent class members such as Davis are afforded an opportunity to opt out of a class action settlement or present their objections at a fairness hearing. *See* FED. R. CIV. P. 23(e)(4), (5)(A).

---

[6] "Released Parties" are defined by the settlement agreement to include CenturyLink and CenturyLink, Inc. (n/k/a Lumen Technologies, Inc.). *See* Dkt. 45-2 at 12, 14, 109. Although Davis has named Lumen Technologies, Inc. as a defendant in this case, she has not effectuated service. Nonetheless, the same grounds supporting dismissal against CenturyLink apply to Lumen Technologies, Inc. because that entity is obviously a party to the Consumer MDL Action settlement and final judgment.

Accordingly, because Davis is a class settlement member and her claims qualify as "Released Claims," the class action settlement precludes Davis from pursuing her claims in this case.

## B.  RES JUDICATA INDEPENDENTLY BARS DAVIS'S CLAIMS

Separate and apart from the class action settlement, CenturyLink contends that res judicata independently bars Davis from pursuing her claims against CenturyLink. The final judgment in the Consumer MDL Action provides that settlement class members, like Davis, are "barred and permanently enjoined from asserting, instituting, or prosecuting, either directly or indirectly," all claims arising out of or asserted in the Consumer MDL Action. Dkt. 45-7 at 4.

As an initial matter, Davis argues that res judicata must be pled as an affirmative defense, and that CenturyLink's failure to do so nullifies its effort to have the case dismissed on res judicata grounds. To be clear, CenturyLink has not yet filed an answer to Davis's lawsuit. CenturyLink raised the res judicata defense in its Rule 12(b)(6) motion to dismiss. Although Davis correctly notes that a res judicata defense must generally be pled as an affirmative defense, the Fifth Circuit has recognized two exceptions: (1) "when a successful affirmative defense appears on the face of the pleadings;" or (2) "when the trial court treats a Rule 12(b)(6) motion based on res judicata as a motion for summary judgment." *Limon v. Berryco Barge Lines, L.L.C.*, 779 F. Supp. 2d 577, 581–82 (S.D. Tex. 2011); *see also Moch v. E. Baton Rouge Parish Sch. Bd.*, 548 F.2d 594, 596 n.3 (5th Cir. 1977) ("[I]f the trial court has treated the 12(b)(6) motion [based on res judicata] as one for summary judgment, its dismissal under 12(b)(6) is not reversible error."). Because I have converted CenturyLink's Rule 12(b)(6) motion to dismiss to a motion for summary judgment, I can decide this case on res judicata grounds even though CenturyLink has not filed an answer asserting res judicata as an affirmative defense.

1.  **Legal Standard**

Res judicata precludes a party from relitigating issues that were or could have been raised in a previous action with a final judgment on the merits. *See Allen v. McCurry*, 449 U.S. 90, 94 (1980).

> A claim in a subsequent suit will be barred under res judicata principles if: (1) the prior suit involved identical parties [or those in privity]; (2) the prior judgment was rendered by a court of competent jurisdiction; (3) the prior judgment was a final judgment on the merits; and (4) the same claim or cause of action was involved in both cases.

*Retractable Techs., Inc. v. Becton Dickinson & Co.*, 842 F.3d 883, 898 (5th Cir. 2016).[7]

2.  **Analysis**

Davis does not question the competency of the District of Minnesota's jurisdiction to issue the prior judgment (element two). Instead, Davis disputes the remaining three elements.

First, Davis argues that the parties in both suits are not identical because she was not a party to the class action lawsuit. Even if a plaintiff is not a named party

---

[7] A choice of law question lurks in the background of this issue because "[t]he preclusive effect of a federal-court judgment is determined by federal common law." *Taylor v. Sturgell*, 553 U.S. 880, 891 (2008). "Federal common law on choice of law dictates that the standard for the claim preclusive effect of a federal court judgment depends on the grounds for federal jurisdiction in the original suit." *Snow Ingredients, Inc. v. SnoWizard, Inc.*, 833 F.3d 512, 521 n.9 (5th Cir. 2016). "When the original suit is based on the federal court's diversity jurisdiction, 'the law that would be applied by state courts in the State in which the federal diversity court sits' governs the judgment's preclusive effect." *Id.* (quoting *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 508 (2001)). "But when the prior judgment was based on the court's federal question jurisdiction, a single federal standard applies." *Id.*

Here, the judgment issued in the class action lawsuit was based on both diversity and federal question jurisdiction. Accordingly, both Minnesota and federal law would govern the judgment's preclusive effect. The standards for res judicata under Minnesota and federal law vary minimally, and the outcome under either is the same. Accordingly, under basic conflict of laws principles, I need not undertake a choice of law analysis because the relevant laws do not conflict. *See Schneider Nat'l Transp. v. Ford Motor Co.*, 280 F.3d 532, 536 (5th Cir. 2002) ("If the laws of the states do not conflict, then no choice-of-law analysis is necessary." (quotation omitted)).

in a class action, however, she is "bound by the class action 'if [s]he was represented as a member of a class . . . in the original litigation." *Claunch v. Bank of Am. Corp.*, No. 1:12-cv-85, 2014 WL 4101886, at *4 (S.D. Miss. Aug. 18, 2014), *aff'd sub nom. Claunch v. FIA Card Servs., N.A.*, 608 F. App'x 262 (5th Cir. 2015). As already established, Davis is a member of the Consumer MDL Action. Accordingly, the first element—that is, that the prior suit involved identical parties—is satisfied.

Next, Davis contends that there was no final judgment on the merits in the class action lawsuit because "[t]he relevant issues were not litigated, but rather settled." Dkt. 49 at 8. This argument is frivolous. The "Fifth Circuit gives consent judgments such as the class action settlement agreement at issue here the same finality accorded under the rules of claim preclusion." *Claunch*, 2014 WL 4101886, at *4. Therefore, the third element—that the prior judgment was a final judgment on the merits—is met.

Finally, Davis challenges whether the fourth element of the res judicata defense—that the same claim or cause of action was involved in both cases—has been established. Davis argues that res judicata does not bar this lawsuit because she has asserted various causes of action in this litigation that were not alleged in the class action lawsuit. *See* Dkt. 49 at 7–8. To determine whether the same claim or causes of action are involved in both cases, I apply a transactional test that focuses on whether the cases "are based on the same nucleus of operative facts." *Retractable Techs., Inc.*, 842 F.3d at 899 (quotation omitted). As discussed, because Davis's claims concerning CenturyLink's substandard internet services could have been brought in the class action litigation, I find that both cases arise out of the same nucleus of operative facts. The fourth and final element has been met.

Because Davis "was a member of the class action, res judicata also bars [her] from maintaining the present case, which asserts claims against the same defendants and that arise out of the same nucleus of operative facts as the class

action." *Claunch*, 608 F. App'x at 264; *see also Cooper v. Fed. Reserve Bank of Richmond*, 467 U.S. 867, 874 (1984) (applying res judicata to bar claims of absent class members).

## CONCLUSION

For the reasons provided above, I recommend that CenturyLink's motion to dismiss (Dkt. 45), which I am treating as a motion for summary judgment, be **GRANTED** and that Davis's claims against CenturyTel Broadband Services, LLC, Central Telephone Company of Texas, and Lumen Technologies, Inc. be dismissed as a matter of law.

The Clerk shall provide copies of this Memorandum and Recommendation to the respective parties who have 14 days from receipt to file written objections under Federal Rule of Civil Procedure 72(b) and General Order 2002–13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

SIGNED this 30th day of January 2023.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE