United States District Court
Southern District of Texas
**ENTERED**
February 06, 2023
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION**

| | | |
|---|---|---|
| VERONICA L. DAVIS, *et al.*, | § § § § | |
| Plaintiffs. | | |
| V. | § § § § § § | CIVIL ACTION NO. 3:22-cv-00038 |
| CENTURYLINK, INC., *et al.*, | | |
| Defendants. | | |

### ORDER AND OPINION

At a recent status conference, I *sua sponte* raised concerns that Veronica L. Davis ("Ms. Davis") may be in violation of Texas Disciplinary Rule of Professional Conduct 3.08, which forbids an attorney from acting as an advocate in a matter if she believes she may be a necessary witness. In the event Ms. Davis did not voluntarily step aside as counsel for co-plaintiffs Charlie Brown Heritage Foundation ("Charlie Brown") and Jeff Kitchen ("Kitchen") by a certain date, I asked her to provide the Court with briefing explaining why she should not be disqualified from representing her co-plaintiffs. Ms. Davis has not agreed to withdraw as counsel. Instead, she has provided a brief setting forth her position as to why disqualification would be unwarranted. *See* Dkt. 69.

By way of background, Ms. Davis previously represented Charlie Brown and Kitchen in unrelated litigation. In this lawsuit, Ms. Davis alleges that, due to "problems with telephone and internet service," she was unable to timely file various documents in those cases, which resulted in the granting of summary judgment against both Charlie Brown and Kitchen. Dkt. 38 at 24. Ms. Davis and her co-plaintiffs have filed this case against, among others, various telephone and internet providers, complaining that faulty telephone and internet service is to blame for the dismissal of the previous lawsuits.

As far as potential disqualification of counsel, I fully recognize that "attorney disqualification . . . is a sanction that must not be imposed cavalierly." *F.D.I.C. v. U.S.*

*Fire Ins. Co.*, 50 F.3d 1304, 1316 (5th Cir. 1995). The Fifth Circuit has explained that "disqualification cases are governed by state and national ethical standards adopted by the court." *In re Am. Airlines, Inc.*, 972 F.2d 605, 610 (5th Cir. 1992). The Local Rules of the Southern District of Texas state that the minimum standards of practice are set forth in the Texas Disciplinary Rules of Professional Conduct. *See* S.D. TEX. L.R. APP'X A, R. 1A.

Texas Disciplinary Rule of Professional Conduct 3.08, titled "Lawyer as Witness," generally prohibits an attorney from serving as both an advocate and a witness in the same case. Rule 3.08(a) provides:

> A lawyer shall not accept or continue employment as an advocate before a tribunal in a contemplated or pending adjudicatory proceeding if the lawyer knows or believes that the lawyer is or may be a witness necessary to establish an essential fact on behalf of the lawyer's client, unless:
>
> (1)   the testimony relates to an uncontested issue;
>
> (2)   the testimony will relate solely to a matter of formality and there is no reason to believe that substantial evidence will be offered in opposition to the testimony;
>
> (3)   the testimony relates to the nature and value of legal services rendered in the case;
>
> (4)   the lawyer is a party to the action and is appearing pro se; or
>
> (5)   the lawyer has promptly notified opposing counsel that the lawyer expects to testify in the matter and disqualification of the lawyer would work substantial hardship on the client.

TEX. DISC. R. PROF. CONDUCT 3.08(a). Rule 3.08(c) further notes that the "lawyer shall not take an active role before the tribunal in the presentation of the matter" if the "lawyer to be called as a witness could not also serve as an advocate under this Rule." *Id.* 3.08(c). "[T]he principal concern over allowing a lawyer to serve as both an advocate and witness for a client is the possible confusion that those dual roles could create for the finder of fact." *Id.* 3.08 cmt. 4.

It is undisputed that Ms. Davis is "a witness necessary to establish an essential fact on behalf of [her] client[s]." *Id.* 3.08(a). Indeed, Ms. Davis readily acknowledges

that she is a critical witness because she "is the only person who can testify to the internet and submission issues and irregularities which affect the transmission of documents filed" on behalf of Charlie Brown and Kitchen. Dkt. 69 at 3–4. Although she will be required to testify at the trial of this case, Ms. Davis advances several arguments for why she should not be disqualified from representing Charlie Brown and Kitchen.

First, Ms. Davis asserts that any testimony she would offer at trial falls within the exception found in Rule 3.08(a)(1) that allows an attorney to act as an attorney and witness if "the testimony relates to an uncontested issue." TEX. DISC. R. PROF. CONDUCT 3.08(a)(1). The problem here is that Ms. Davis's trial testimony certainly does not relate to an uncontested issue. Ms. Davis will presumably testify at trial that she was unable to timely submit briefs on behalf of Charlie Brown and Kitchen in other litigation due to internet transmission issues. This will be a hotly contested issue, as Defendants will likely cross-examine Ms. Davis on what efforts she took to timely file legal briefs on behalf of her clients and whether those efforts were reasonable given the circumstances. This exception is of no help to Ms. Davis.

Second, Ms. Davis contends that Rule 3.08(a)(4)'s pro se exception allows her to act as an attorney and witness at trial. Rule 3.08(a)(4) expressly permits an attorney to appear both as a witness and as counsel at trial if the attorney is a party to the action and is appearing pro se. *See id*. 3.08(a)(4). This rule is intended to preserve a lawyer's right to self-representation. *See id*. 3.08 cmt. 6. If Ms. Davis was the sole plaintiff and she wanted to represent herself at trial, Rule 3.08(a)(4) would allow her to do just that, even though she would testify on her own behalf. What is different about the present case is that Ms. Davis wants not only to represent herself on a pro se basis, but she also wants to represent others (Charlie Brown and Kitchen) at trial. Rule 3.08(a)(4) does not allow her to do so. The Texas Supreme Court has refused to countenance a "hybrid representation" exception, holding that an attorney qualifies for Rule 3.08(a)(4)'s "pro se" exception only because he "did not accept employment in the underlying lawsuit." *Ayres v. Canales*, 790 S.W.2d 554, 557 (Tex. 1990). Allowing a pro se lawyer who is a necessary witness to represent herself and others in

the same case creates a potential danger that the jury will confuse the roles of counsel. As a result, Ms. Davis's "representation of anyone other than [herself at trial] in this case would be improper." *Lanigan v. LaSalle Nat'l Bank*, 609 F. Supp. 1000, 1002 (N.D. Ill. 1985) (holding that a lawyer cannot represent others while purporting to act pro se). Accordingly, Ms. Davis will not be permitted to represent Charlie Brown or Kitchen at trial in this matter.[1]

But wait. The inquiry is not over. Although Ms. Davis may not serve as counsel for Charlie Brown and Kitchen at trial, there remains the question of whether Ms. Davis should be allowed to represent Charlie Brown and Kitchen in pretrial proceedings. In recent years, "[c]ourts have distinguished between a lawyer's role at trial and in pretrial matters or matters outside a jury's presence." *Landmark Graphics Corp. v. Seismic Micro Tech., Inc.*, No. H-06-1790, 2007 WL 735007, at *6 (S.D. Tex. Jan. 31, 2007). The Texas Supreme Court has clarified that Rule 3.08 only "prohibits a testifying attorney from acting as an advocate before a tribunal, not from engaging in pretrial, out-of-court matters such as preparing and signing pleadings, planning trial strategy, and pursuing settlement negotiations." *Anderson Producing Inc. v. Koch Oil Co.*, 929 S.W.2d 416, 422 (Tex. 1996). In so holding, the Texas Supreme Court quoted comment 8 to Rule 3.08, which explains that "[t]his rule does not prohibit the lawyer who may or will be a witness from participating in the preparation of a matter for presentation to a tribunal." *Id.* (quoting TEX. DISC. R. PROF. CONDUCT 3.08 cmt. 8). Allowing a lawyer who will be a witness to participate in pretrial proceedings makes perfect sense. Rule 3.08 is grounded principally on the notion that the jury may become confused as to what is testimony and what is argument when one person acts as both an advocate and a witness. *See Anderson Producing Inc.*, 929 S.W.2d at 423. There is no concern of such confusion during pretrial proceedings that

---

[1] Ms. Davis argues that it is inappropriate for me to, *sua sponte*, issue an order disqualifying her from representing Charlie Brown and Kitchen at trial. Ms. Davis is wrong. Federal district courts possess an inherent power to disqualify counsel *sua sponte* in cases of ethics violations. *See O'Connor v. Jones*, 946 F.2d 1395, 1399 (8th Cir. 1991). I firmly believe that I have "not only the power but also the duty to disqualify counsel when representation of the client is prohibited by the rules of professional conduct." *Ayres*, 790 S.W.2d at 556 n.2.

4

take place without a jury in the box. "Limiting the disqualification to advocacy at trial [furthers the underlying purpose of Rule 3.08] and at the same time respects a client's right to be represented generally by an attorney of his choice." *Main Events Prods., LLC v. Lacy*, 220 F. Supp. 2d 353, 357 (D.N.J. 2002). For that reason, courts routinely allow a lawyer likely to be a witness to represent a client in pretrial proceedings but prohibit that same lawyer from serving as counsel at trial. *See AMEC Constr. Mgmt., Inc. v. FFIC Risk Mgmt.*, No. 13-cv-718, 2017 WL 3602053, at *6 (M.D. La. Aug. 22, 2017); *Landmark Graphics Corp.*, 2007 WL 735007, at *6; *Ayus v. Total Renal Care, Inc.*, 48 F. Supp. 2d 714, 718 (S.D. Tex. 1999). I will, likewise, allow Ms. Davis to proceed as counsel for Charlie Brown and Kitchen until trial in this matter commences.[2]

\*\*\*

In sum, Ms. Davis is disqualified from representing Charlie Brown and Kitchen should this case proceed to trial. However, she may continue to represent Charlie Brown and Kitchen in all pretrial proceedings.

SIGNED this 6th day of February 2023.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE

---

[2] Although Ms. Davis does not believe disqualification is appropriate, she has stated that she intends "to remove herself as counsel by the time of deposition and trial, due primarily to the awkwardness in examining herself or raising objections." Dkt. 69 at 5 n.2; *see also id.* at 9–10 (Ms. Davis "does at some point intend to bring in other counsel, not because she has violated Rule 3.08, but simply due to the difficulties in examination of herself as a witness during the trial in this cause.").