United States District Court
Southern District of Texas
**ENTERED**
March 08, 2023
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION**

| | | |
|---|---|---|
| VERONICA L. DAVIS, *et al.*, | § § § | |
| Plaintiffs. | § § | |
| V. | § § | 3:22-cv-00038 |
| CENTURYLINK, INC., *et al.*, | § § § | |
| Defendants. | § § | |

**ORDER ADOPTING MAGISTRATE JUDGE'S MEMORANDA AND RECOMMENDATIONS, OVERRULING OBJECTIONS, AND DENYING MOTION TO TRANSFER**

On July 13, 2022, all non-dispositive pretrial matters in this case were referred to United States Magistrate Judge Andrew M. Edison under 28 U.S.C. § 636(b)(1). *See* Dkt. 34. In this order, the court adopts Judge Edison's rulings on three separate matters.

First, Judge Edison filed a memorandum and recommendation on January 30, 2023, recommending that the court grant a motion to dismiss (*see* Dkt. 45) filed by CenturyTel Broadband Services, LLC, and Central Telephone Company of Texas (collectively, "CenturyLink"). Dkt. 68. Second, Judge Edison entered an order on February 6, 2023, disqualifying plaintiff Veronica Davis from representing her co-plaintiffs Jeff Kitchen and Charlie Brown Heritage Foundation (hereinafter, "Charlie Brown") "should this case

proceed to trial," but allowing her to "continue to represent Charlie Brown and Kitchen in all pretrial proceedings." Dkt. 70 at 5. Third, Judge Edison filed a memorandum and recommendation on February 21, 2023, recommending that the court grant a motion to dismiss (*see* Dkt. 44) filed by DIRECTTV, LLC, and AT&T Corp. Dkt. 74.

On February 7, 2023, Davis filed (1) a "motion to transfer" the case back to the undersigned and (2) objections to the order to disqualify (Dkt. 70) and the grant of CenturyLink's motion to dismiss (Dkt. 45). Dkt. 71. On February 13, 2023, Davis filed supplemental objections to the memorandum and recommendation granting CenturyLink's motion to dismiss. Dkt. 73. On February 21, 2023, Davis filed supplemental objections to the order to disqualify. Dkt. 75. Finally, on March 7, 2023, Davis filed objections to the grant of AT&T Corp. and DIRECTTV's motion to dismiss. Dkt. 77.

**Judge Edison's Memoranda and Recommendations**: In accordance with 28 U.S.C. § 636(b)(1)(C), this court is required to "make a de novo determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection [has been] made." After conducting this de novo review, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*; *see also* Fed. R. Civ. P. 72(b)(3).

The court has carefully considered the objections, the memoranda and recommendations, the pleadings, and the record. The court accepts Judge Edison's memoranda and recommendations and adopts them as opinions of the court. It is therefore ordered that:

(1) Judge Edison's memoranda and recommendations on the two motions to dismiss (Dkts. 68 & 74) are approved and adopted in their entirety as the holdings of the court.

(2) CenturyLink's motion to dismiss (Dkt. 45) is **GRANTED**. CenturyTel Broadband Services, LLC, Central Telephone Company of Texas, and Lumen Technologies, Inc. are dismissed from this case.

(3) AT&T Corp. and DIRECTTV's motion to dismiss (Dkt. 44) is **GRANTED**. AT&T Corp. and DIRECTTV are dismissed from this case.

**Judge Edison's Disqualification Order:** "The cases are uniform in holding that a motion to disqualify counsel is a nondispositive matter" that a magistrate judge may decide. *Medgyesy v. Medgyesy*, 988 F. Supp. 2d 843, 845, n.1 (N.D. Ill. 2013) (collecting cases). Objections to non-dispositive pretrial orders will be sustained only "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). *See also* FED. R. CIV. P. 72(a). The clear error standard is "highly deferential" and "the court [should] affirm the decision of the magistrate judge unless on the entire evidence [the court] is left with a definite and firm conviction that a mistake has been committed." *Baylor Health Care Sys. v.*

*Equitable Plan Servs., Inc.*, 955 F. Supp. 2d 678, 689 (N.D. Tex. 2013) (quotation omitted). This situation does not meet that standard. Davis's objections (*see* Dkt. 71) to Judge Edison's order (*see* Dkt. 70) are **OVERRULED**.

**Davis's Motion to Transfer:** Lastly, this case was referred to Judge Edison under 28 U.S.C. § 636(b), not transferred under 28 U.S.C. § 636(c). Accordingly, Davis's motion to transfer (*see* Dkt. 71) is **DENIED** as moot and unfounded.

Signed on Galveston Island this 8th day of March, 2023.

JEFFREY VINCENT BROWN
UNITED STATES DISTRICT JUDGE