United States Courts
Southern District of Texas
FILED
April 28, 2025
Nathan Ochsner, Clerk of Court

# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit
**FILED**
April 4, 2025
Lyle W. Cayce
Clerk

No. 24-40381

---

Veronica L. Davis; Jeff Kitchen; Charlie Brown Heritage Foundation,

*Plaintiffs—Appellants,*

*versus*

CenturyLink, Incorporated; DirecTV; AT&T; Lumen Technologies; Central Telephone Company of Texas; CenturyTel Broadband Services, L.L.C.,

*Defendants—Appellees.*

---

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:22-CV-38

---

Before Elrod, *Chief Judge*, and Davis and Ramirez, *Circuit Judges*.
Per Curiam:[*]

Plaintiff-Appellant Veronica Davis, appearing pro se and as counsel to Plaintiff-Appellants the Charlie Brown Heritage Foundation (the Foundation) and Jeff Kitchen, seeks vacatur of every "ruling" by the

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-40381

magistrate judge and reversal of final judgments that granted Defendant-Appellees' Rule 12(b)(6) and Rule 56 motions. We AFFIRM.

## I.

Davis is a lawyer who previously represented the Foundation and Kitchen in two separate lawsuits before the U.S. District Court for the Southern District of Texas. Both cases ended in summary judgment against Davis's clients after the district court declined to consider late-filed materials Davis submitted.[1] This Court affirmed both summary judgments along with the district court's decisions to strike the late filings, characterizing the latter ruling in the Foundation's case as "entirely appropriate."[2]

Davis lays blame for these unfavorable judgments on "faulty internet service" by Defendant-Appellees CenturyTel Broadband Services, LLC and Central Telephone Company of Texas (collectively, CenturyTel), which allegedly prevented her from timely e-filing her clients' summary-judgment evidence.[3] Davis and her clients seek to recover in this suit the same damages they sought in the dismissed cases. Davis also asserts claims against DIRECTV, LLC, with which she "bundled" satellite television with CenturyTel internet and phone service, until terminating relationships with both in January 2020. She contends DIRECTV agreed to zero out her

---

[1] *See Charlie Brown Heritage Found. v. Columbia Brazoria Ind. Sch. Dist.*, No. 15-346, 2018 WL 2059203 (S.D. Tex. May 3, 2018), *aff'd*, 771 F. App'x 536 (5th Cir. 2019) (per curiam); *Kitchen v. BASF*, 343 F. Supp. 3d 681 (S.D. Tex. 2018), *aff'd*, 952 F.3d 247 (5th Cir. 2020).

[2] *Charlie Brown Heritage Found.*, 771 F. App'x at 540.

[3] In addition to CenturyTel, the operative complaint names Lumen Technologies, Inc. f/k/a CenturyLink, Inc. as a defendant, though service was never effected on that entity. Also named as defendants are Credence Resource Management and Sequeim Asset Solutions, LLC. Davis settled with Credence; she never served, and voluntarily dismissed, Sequeim.

account, but that either it or its parent company, AT&T Corp., improperly forwarded her account to debt collectors.[4]

In a series of rulings, the district court dismissed all claims presented under Rules 12(b)(6) and 56.[5] Davis raises three issues on appeal.[6] First, she seeks vacatur of every ruling the magistrate judge issued before he recused at Davis's urging. Second, she argues claim preclusion doesn't bar her claims against CenturyTel, notwithstanding her membership in a Settlement Class that released the CenturyTel entities sued here, *In re CenturyLink Sales Practices & Securities Litigation (CenturyLink)*.[7] Third, Davis appeals dismissal of her claims against DIRECTV and AT&T under Rule 12(b)(6). We review for abuse of discretion the district court's refusal to vacate the magistrate judge's rulings and review the dismissals de novo.[8]

---

[4] Davis confirmed to the district court that her clients did not bring claims against DIRECTV and AT&T.

[5] FED. R. CIV. P. 12(b)(6); FED. R. CIV. P. 56.

[6] Davis's briefs do not broach dismissal of the clients' claims until the reply brief's penultimate page. Failure to assign error and to substantively rebut the reasons for her clients' dismissal constitutes forfeiture, as if the clients had not appealed at all. *Guillot ex rel. T.A.G. v. Russell*, 59 F.4th 743, 751 (5th Cir. 2023) ("Parties forfeit contentions by inadequately briefing them on appeal. *Rollins v. Home Depot USA*, 8 F.4th 393, 397 n.1 (5th Cir. 2021); *see also* FED. R. APP. P. 28(a)(8)(A). Adequate briefing requires a party to raise an issue in its opening brief."); *Cinel v. Connick*, 15 F.3d 1338, 1345 (5th Cir. 1994) ("A party who inadequately briefs an issue is considered to have abandoned the claim.").

[7] *In re CenturyLink Sales Pracs. & Sec. Litig.*, No. 17-2795, 2020 WL 7133805 (D. Minn. Dec. 4, 2020) (including Nos. 17-2832, 17-4613, 17-4614, 17-4615, 17-4616, 17-4617, 17-4618, 17-4619, 17-4622, 17-4943, 17-4944, 17-4945, 17-4947, 17-5001, 17-5046, 18-1562, 18-1565, 18-1572, and 18-1573).

[8] We construe Davis's motion to vacate the magistrate's rulings as a Rule 60(b)(6) motion. *See Travelers Ins. Co. v. Liljeberg Enters., Inc.*, 38 F.3d 1404, 1408 (5th Cir. 1994) (identifying Rule 60(b)(6), in conjunction with 28 U.S.C. § 455, as mechanism for relief from judgment after recusal decision, review of which is for abuse of discretion); *Davis v. Dall. Area Rapid Transit*, 383 F.3d 309, 313 (5th Cir. 2004) ("The res judicata effect of a prior judgment is a question of law that we review de novo."); *Huynh v. Walmart Inc.*, 30

## II.

On July 13, 2022, District Judge Jeffrey V. Brown properly delegated to Magistrate Judge Andrew M. Edison all non-dispositive matters for decision and all dispositive matters for report and recommendation.[9] Over the ensuing nine months, Judge Edison presided over the case and issued two reports and recommendations on dispositive matters—CenturyTel's summary-judgment motion and DIRECTV's and AT&T's Rule 12(b)(6) motion to dismiss. He also ruled sua sponte that Davis could not serve as counsel to her co-plaintiff clients should the case proceed to trial under Texas attorney ethics rules.[10] After these rulings and recommendations issued, Davis moved to recuse Judge Edison under 28 U.S.C. §§ 455(a), (b)(1), and (b)(3) due to his participation in court-mediated settlement negotiations to resolve the Foundation's prior case that ended in summary judgment. Judge Edison granted the motion and recused, citing 28 U.S.C. § 455(b)(1).[11] After he stepped aside, Davis moved to vacate all of Judge Edison's rulings and

---

F.4th 448, 453–54 (5th Cir. 2022) (stating review of motions to dismiss and for summary judgment is de novo).

[9] *See* 28 U.S.C. § 636(b)(1)(A) ("[A] judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion . . . for judgment on the pleadings, for summary judgment, . . . to dismiss for failure to state a claim upon which relief can be granted . . . ."); *id.* § 636(b)(1)(B) ("[A] judge may also designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion excepted in subparagraph (A) . . . .").

[10] *See* TEX. DISCIPLINARY R. PROF. CONDUCT § 3.08(a)(1)–(5) (forbidding, with certain exceptions, an attorney from acting as an advocate in a matter if she believes she is a necessary witness).

[11] Section 455(b)(1) is a non-waivable provision disqualifying judges if they have "personal knowledge of disputed evidentiary facts concerning the proceeding[.]" *See* 28 U.S.C. § 455(e).

4

No. 24-40381

recommendations, as well as all judgments emanating from them.[12] Judge Brown denied the motion, which we review for abuse of discretion.[13]

Courts employ a three-part test to decide when vacatur should follow a § 455 violation.[14] That test considers "the risk of injustice to the parties in the particular case, the risk that the denial of relief will produce injustice in other cases, and the risk of undermining the public's confidence in the judicial process."[15] Applying those factors here, we find no abuse of discretion.

As to the first element, Davis faces minimal risk of prejudice with respect to Judge Edison's recommendations on the two dispositive motions. The portions of the recommendations to which Davis objects have received two layers of de novo review—first, by Judge Brown and, second, by this Court on appeal—and involve the straightforward application of well-established law to allegations accepted as true and material facts not genuinely disputed.[16] In addition,

---

[12] *Supra* note 8.

[13] *Liljeberg*, 38 F.3d at 1408; *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 402 (5th Cir. 1981).

[14] We assume *arguendo* that there was a § 455 violation to resolve Davis's appeal. *See Liljeberg*, 38 F.3d at 1411 & n.13 (assuming § 455 violation to determine whether denial of Rule 60(b)(6) motion was abuse of discretion).

[15] *Liljeberg*, 38 F.3d at 1412 (quoting *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 864 (1988)); *Patterson v. Mobil Oil Corp.*, 335 F.3d 476, 485 (5th Cir. 2003) (stating three-part test extends to disqualifications under 28 U.S.C. § 455(b)).

[16] 28 U.S.C. § 636(b) (providing for "de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); *Huynh*, 30 F.4th at 453–54 (stating review of motions to dismiss and for summary judgment is de novo); *Street v. BP Expl. & Prod., Inc.*, 85 F.4th 266, 272 (5th Cir. 2023) (finding in § 455(b) case no injustice to parties given availability of de novo appellate review of summary judgment).

No. 24-40381

> [d]ecades ago, this court held that where the merits of a ruling would be subject to de novo review—such as a summary judgment ruling—"the parties are guaranteed a fair, impartial review of the merits of the ruling," and that "[i]n cases where we would otherwise affirm such a ruling, little would be gained by vacating and remanding with instructions that it be essentially reinstated."[17]

Because today we affirm the district court on both motions, nothing would be gained by our "vacating and remanding with instructions" that the rulings be reinstated.[18] Likewise, nothing would be gained by vacating Judge Edison's order disqualifying Davis from serving as trial counsel: this case was not tried, so the order never operated to disqualify Davis or to prejudice her in any way. The first element thus militates against vacating Judge Edison's rulings and recommendations. Davis offers no reason to vacate under the test's second or third elements and we find none in the record.[19] Judge Brown's denial of Davis's motion to vacate is AFFIRMED.

## III.

We next address preclusion of Davis's claims against CenturyTel and begin with the *CenturyLink* litigation, which centralized various consumer

---

[17] *In re Roman Cath. Church of Archdiocese of New Orleans*, 101 F.4th 400, 407 (5th Cir. 2024) (quoting *Patterson*, 335 F.3d at 485–86)).

[18] *Id.*

[19] Davis's primary authority is an out-of-circuit district-court opinion, which initially granted the broad relief that Davis seeks after a § 455 violation. *Rohrbach v. AT&T Nassau Metals Corp. (Rohrbach I)*, 902 F. Supp. 523, 529–530 (M.D. Pa. 1995), *vacated in part on reh'g*, 915 F. Supp. 712 (M.D. Pa. 1996). Later, the court vacated its vacatur, relying on precedent from this Court. *Rohrbach v. AT&T Nassau Metals Corp. (Rohrbach II)*, 915 F. Supp. 712, 717–718 (M.D. Pa. 1996) (citing *In re Continental Airlines Corp.*, 901 F.2d 1259, 1263 (5th Cir. 1990), and stating, "I am convinced that wholesale *vacatur* did not properly balance the risk of prejudice to the plaintiffs with the prejudice to the defendants and the risk of undermining public confidence in the administration of justice.").

class actions in the U.S. District Court for the District Minnesota.[20] There, a putative class alleged CenturyLink, Inc. and its affiliates (including the CenturyTel defendants in this case) engaged in bait-and-switch sales tactics, causing inaccurate billings, unauthorized charges, faulty service, and illegal debt collections. Much like Davis's complaint, *CenturyLink*'s asserts claims under federal and state consumer-protection laws, breach of contract, negligent misrepresentation, and fraudulent inducement.[21]

In October 2019, the *CenturyLink* parties resolved their differences and submitted an executed Settlement Agreement and Release to the court. That Agreement defines the "Settlement Class" as:

> All persons or entities in the United States who are identified by CenturyLink as a residential or small business customer and who, during the Class Period, had an account for local or long distance telephone, internet, or television services with one or more of the Operating Companies. Excluded from the class are ... persons who timely and validly request exclusion from the Settlement Class.

It sets the "Class Period" as "[b]etween January 1, 2014 and the date of entry of the Preliminary Approval Order," which entered on January 24, 2020. In that Preliminary Approval Order, the court provisionally certified the Settlement Class as set forth above, established a class-notification program,

---

[20] *Supra* note 7.

[21] Davis's operative complaint asserts claims under federal and Texas law—the Truth-in-Billing Requirements (TIB), 47 C.F.R. §§ 64.2400-01; the Fair and Accurate Credit Transaction Act/Fair Credit Reporting Act (FCRA), 15 U.S.C. §§ 1681-1681x; the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692-1692p; fraud and fraudulent inducement; negligent misrepresentation; breach of contract; and the Texas Deceptive Trade Practices Act (TDTPA), TEX. BUS. & COM. CODE § 17.41, *et seq.*

No. 24-40381

and provided an opt-out procedure.[22] After notification to the class and a fairness hearing, it entered final approval of the Settlement Agreement and Release on December 4, 2020. The final approval order binds absent class members who did not validly opt out and releases CenturyLink and its affiliates from liability for future claims "arising out of or asserted in" the case, as well as "all claims released under the Settlement Agreement," consisting of:

> [l]iabilities, claims, cross-claims, causes of action, rights, actions, suits, debts, liens, contracts, agreements, damages, costs, attorneys' fees . . . , losses, expenses, obligations, or demands, of any kind whatsoever, whether known or unknown, existing or potential, or suspected or unsuspected . . . which Settlement Class Members have or may claim now or in the future to have, based on facts that occurred during the Class Period that were alleged or asserted against any of the Released Parties in [*CenturyLink*] or that could have been alleged or asserted against any of the Released Parties in [*CenturyLink*.]

A Final Judgment reiterating the broad terms of the release was entered on December 14, 2020.

Davis received notice of the settlement and submitted a Claim Form on June 23, 2020. In it, she sought $2,000 for overcharges and $1,165,000 for the Foundation and Kitchen losses. A declaration by the Settlement Administrator states that Davis did not opt out of the Settlement Class and was issued a check for $67.54 in settlement of her *CenturyLink* claims.

---

[22] *See* FED. R. CIV. P. 23(e)(1)(B) (providing for notice to the class upon "the parties' showing that the court will likely be able to" approve the proposed settlement under the final-approval standard contained in Rule 23(e)(2)).

8

## A.

Davis brought this suit eighteen months later, in February 2022. The operative complaint mirrors *CenturyLink*'s, even adopting verbatim some of its allegations. CenturyTel moved to dismiss under Rule 12(b)(6), arguing Davis's claims were precluded by virtue of her membership in the *CenturyLink* Settlement Class. Davis disagreed because, in her view, (1) none of the parties in this case appeared in the *CenturyLink* action, (2) which was settled rather than fully litigated with "insufficient identity between" these and the *CenturyLink* claims; and (3) she opted out of the Settlement Class, citing an e-mail to the Settlement Administrator dated February 13, 2021—two months after the *CenturyLink* Final Judgment was entered.[23]

Judge Edison converted CenturyTel's motion to one for summary judgment and granted Davis time to file responsive materials.[24] Davis submitted a "Further Response" and exhibits, though none materially augmented her principal opposition.

On January 30, 2023, Judge Edison recommended that CenturyTel's motion be granted. Davis timely objected to the recommendation.[25] Judge Brown conducted a de novo review of the portions of the recommendation

---

[23] Davis also submitted an affidavit stating she "believes that the date on the email is not correct," which Judge Edison characterized "as a brazen, bad-faith attempt to avoid summary judgment."

[24] *See* FED. R. CIV. P. 12(d).

[25] Her objections erroneously contend a magistrate judge may not report on dispositive matters. *See* 28 U.S.C. § 636(b)(1)(B) (providing for report and recommendation on dispositive motions). They also reiterate earlier arguments and impermissibly raise new ones. *Cupit v. Whitley*, 28 F.3d 532, 535 & n.5 (5th Cir. 1994) (providing arguments that could have been raised before the magistrate judge, but were raised for the first time in objections before the district court, were waived); *United States v. Armstrong*, 951 F.2d 626, 630 (5th Cir. 1992) (holding issues first raised in objections to magistrate's report and recommendation need not be considered by the district court).

No. 24-40381

Davis objected to, overruled the objections, and dismissed Davis's claims against CenturyTel with prejudice.[26]

## B.

On appeal, Davis argues that Judge Edison's conversion of CenturyTel's Rule 12(b)(6) motion to one for summary judgment was improper because res judicata cannot be decided on a motion to dismiss. "Generally, a party cannot base a Rule 12(b)(6) motion on res judicata. That doctrine must be pleaded as an affirmative defense. Yet, if the trial court has treated the 12(b)(6) motion as one for summary judgment, its dismissal under 12(b)(6) is not reversible error."[27] Davis offers no contrary authority.

Turning to her substantive arguments, "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action."[28] "A claim in a subsequent suit will be barred under res judicata principles if: (1) the prior suit involved identical parties; (2) the prior judgment was rendered by a court of competent jurisdiction; (3) the prior judgment was a final judgment on the merits; and (4) the same claim or cause of action was involved in both cases."[29] Davis challenges the first and fourth elements.[30]

---

[26] Judge Brown also dismissed Lumen Technologies, Inc. f/k/a CenturyLink Inc., though that entity was not served and did not appear.

[27] *Moch v. E. Baton Rouge Par. Sch. Bd.*, 548 F.2d 594, 596 n.3 (5th Cir. 1977) (internal citations omitted); *see also Larter & Sons v. Dinkler Hotels Co.*, 199 F.2d 854, 855 (5th Cir. 1952).

[28] *Allen v. McCurry*, 449 U.S. 90, 94 (1980). The district court relied on federal common law to decide this issue, which the parties don't dispute on appeal.

[29] *Retractable Techs., Inc. v. Becton Dickinson & Co.*, 842 F.3d 883, 898 (5th Cir. 2016).

[30] Davis also attempts to collaterally attack the *CenturyLink* judgment, arguing she was not adequately represented by the class representatives and raising other due process

The first element is straightforward: the defendants in this suit participated as Released Parties in the *CenturyLink* settlement, and Davis was a *CenturyLink* Settlement Class Member, both by its class definition and by virtue of participating in the class settlement.

Davis, however, argues she was not a Settlement Class Member because she opted out. We disagree. When submitting her claim to the Settlement Administrator, Davis included with her Claim Form a fourteen-page "Original Complaint" bearing the *CenturyLink* case caption. This "Original Complaint" details the Foundation and Kitchen litigation losses and asks for contingent exclusion from the Settlement Class "if any cause of action pled herein exceeds the scope of the settlement provisions[.]" Such equivocation fails under the Preliminary Approval Order, which requires that opt outs be signed by the class member and state "the requestor does not wish to participate in the Settlement."[31] Moreover, Davis submitted her contingent opt out *with* her Claim Form, which under the terms of the

---

challenges. But Davis failed to raise these issues with the district court, so she waived them. *Cupit*, 28 F.3d at 535 n.5; *Newby v. Enron Corp.*, 394 F.3d 296, 309 (5th Cir. 2004) (holding in appeal by class-action objectors that "[f]ailure to raise a due process objection before a district court waives that objection on appeal."). Even absent waiver, however, Davis failed to carry her burden of proving a due-process violation. *Richardson v. Wells Fargo Bank, N.A.*, 839 F.3d 442, 448 (5th Cir. 2016). The record evidence is undisputed that the class representatives adequately represented the Settlement Class and that Davis received "'notice plus an opportunity to be heard and participate in the litigation, whether in person or through counsel.'" *See Hunter v. Transamerica Life Ins. Co.*, 498 F. App'x 430, 435 (5th Cir. 2012) (per curiam) (quoting *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 812 (1985)); *In re CenturyLink Sales Pracs. & Sec. Litig.*, 2020 WL 7133805, at *14–17 (evaluating and issuing findings on settlement-class certification and notification, as well as on the adequacy of class settlement and class representation).

[31] *In re Centurylink Sales Pracs. & Sec. Litig.*, No. 17-2795, 2020 WL 3513547, at *10 (D. Minn. June 29, 2020) (enforcing Preliminary Approval Order requiring that opt-out requests be individually signed by Settlement Class Members); *see also In re Deepwater Horizon*, No. 20-30617, 2021 WL 3501651, at *2 (5th Cir. Aug. 9, 2021) (per curiam) (enforcing "wet ink" requirement to opt out).

Settlement Agreement and Release invalidated any accompanying request for exclusion. Given the size of the *CenturyLink* Settlement Class (17.2 million members), "the court and parties should not have to intuit an opt out from vague statements made in one of thousands of filings before the court."[32] As Davis did not validly opt out of the Settlement Class, the parties in this case and *CenturyLink* are the same.[33]

Davis argues under the test's fourth element that her claims and those in *CenturyLink* differ. The fourth element has never required the complete identity Davis urges, however.[34] "This court applies a 'transactional test' to make this determination, focusing on whether the cases 'are based on the same nucleus of operative facts.'"[35] Factors include "whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage."[36]

There exists a common nucleus of operative facts here. Davis's allegations replicate those asserted by the Settlement Class; a class

---

[32] *In re Deepwater Horizon*, 819 F.3d 190, 197–98 (5th Cir. 2016) ("To hold otherwise would allow class members to make ambiguous statements and motions while waiting to see if the outcome of the class action is favorable. The 1966 amendments to Rule 23 sought to prevent exactly this type of gamesmanship."); *In re Centurylink Sales Pracs. & Sec. Litig.*, No. 17-2832, 2020 WL 3512807, at *3 (D. Minn. June 29, 2020) ("The 17-million-member consumer class in this MDL dwarfs the Deepwater Horizon class.").

[33] Davis argues she needed to provide only a "reasonable indication of a desire to opt out" under *In re Four Seasons*, 493 F.2d 1288, 1291 (10th Cir. 1974). We've declined to adopt that standard. *In re Deepwater Horizon*, 819 F.3d at 196.

[34] *Oreck Direct, LLC v. Dyson, Inc.*, 560 F.3d 398, 403 (5th Cir. 2009) (applying res judicata to claims that "could have been advanced" in prior litigation).

[35] *Retractable Techs.*, 842 F.3d at 899 (quoting *United States v. Davenport*, 484 F.3d 321, 326 (5th Cir. 2007)).

[36] *Petro-Hunt, L.L.C. v. United States*, 365 F.3d 385, 396 (5th Cir. 2004).

No. 24-40381

representative lodged fact allegations parallel to hers;[37] Davis submitted to the *CenturyLink* Settlement Administrator the same claims she now asserts; and the conduct at issue took place during the same time period.[38] Res judicata thus precludes Davis's claims against CenturyTel. The dismissal with prejudice is AFFIRMED.[39]

## IV.

Davis seeks to hold DIRECTV and AT&T liable as principals for the actions of their alleged agents—CenturyTel and two debt collectors not party to this appeal, Credence Resource Management and Sequeim Asset

---

[37] Class Representative Jubilee Lawhead alleged she was promised internet speeds of 10 mb/s but what she received hovered around 1-2 mb/s and never exceeded 8.5 mb/s. Moreover, of the eight people who objected to the settlement, one was a lawyer who, like Davis, complained that poor internet speed impacted his practice. *In re CenturyLink Sales Pracs. & Sec. Litig.*, 2020 WL 7133805, at *9. His claim, coupled with Lawhead's, further supports the conclusion that Davis's and *CenturyLink*'s actions arise from a common nucleus of operative facts.

[38] Davis contends the *CenturyLink* settlement could not preclude claims under Texas state law, a meritless contention. *See In re Corrugated Container Antitrust Litig.*, 643 F.2d 195, 221-22 (5th Cir. 1981) ("[T]he court had power to release the state claims even though those claims were not pending before it."). She also argues for a transfer to the *CenturyLink* court in Minnesota, but doesn't explain how the district court abused its discretion in denying that relief. *Broussard v. State Farm Fire & Cas. Co.*, 523 F.3d 618, 631 (5th Cir. 2008) (holding transfer of venue reviewed for abuse of discretion).

[39] CenturyTel argues Davis's claims are barred by the terms of the *CenturyLink* Settlement and Release Agreement. We address only claim preclusion because, "in class actions, future litigation is always governed by the doctrine of preclusion and never by the settlement contract directly" as "[t]he process by which a class action settlement is approved has the effect of turning the private settlement into a judicial ruling, a judgment." WILLIAM B. RUBENSTEIN, 6 NEWBERG ON CLASS ACTIONS § 18.19 at 74-75 (6th ed. 2022); *see also* FED. R. CIV. P. 23(e) (requiring court approval to settle class and putative-class claims).

No. 24-40381

Solutions, LLC. Her claims arise under the TIB, FDCPA, FCRA, and TDTPA.[40]

DIRECTV and AT&T moved to dismiss under Rule 12(b)(6). Judge Edison recommended dismissal for failure to state a claim for several reasons. First, he found the allegations of principal-agency relationships conclusory and insufficient as a matter of law. Second, neither DIRECTV nor AT&T was alleged to be a "debt collector" to whom the FDCPA applies.[41] Third, he concluded the FCRA does not create a private right of action. Finally, he found Davis's TDTPA claim barred by that law's two-year limitations period.[42] Davis objected and, after reviewing de novo the portions of the recommendation Davis raised, Judge Brown adopted the recommendation as his own and granted the motion to dismiss.

Davis's principal brief fails to challenge the reasons for these dismissals. It asks us to "assume an implied agency relationship," which falls far short of the pleading requirements of *Ashcroft v. Iqbal* and *Bell Atlantic Corp. v. Twombly*.[43] The brief also does not dispute that the FCRA creates no private right of action; nor does it address the FDCPA's application to

---

[40] Davis also alleged breach of contract, fraud, and fraudulent inducement against DIRECTV and AT&T but abandoned the fraud and fraudulent-inducement claims in the district court, and the breach-of-contract claim on appeal.

[41] 15 U.S.C. § 1692a(6) (defining "debt collector" as "any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.").

[42] TEX. BUS. & COM. CODE § 17.565.

[43] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" (citations omitted) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *Christiana Tr. v. Riddle*, 911 F.3d 799, 803–04 (5th Cir. 2018) (finding conclusory allegation of vicarious liability "sheds no light on the particular relationship between" entities in supposed agency relationship).

No. 24-40381

"debt collectors." It barely mentions Davis's TDTPA claim and, then, offers no coherent argument explaining why the claim isn't barred by limitations. Having been presented no ground to question the district court's dismissal of DIRECTV and AT&T, we AFFIRM.